**DEWEY PEGNO & KRAMARSKY LLP**

777 THIRD AVENUE   NEW YORK, NEW YORK   10017

PHONE: (212) 943-9000   FACSIMILE: (212) 943-4325

WWW.DPKLAW.COM

March 27, 2019

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>*TNB USA Inc. v. Fed. Reserve Bank of N.Y.*</u>, **No. 18 Civ. 7978-ALC**

Dear Judge Carter:

    We represent Plaintiff TNB USA Inc. ("TNB") and write to oppose the eleventh-hour motion by the Federal Reserve Board (the "Board") to file an *amicus curiae* brief in support of Defendant Federal Reserve Bank of New York's ("FRBNY") motion to dismiss (ECF No. 23). The motion is procedurally and substantively deficient and should be denied.

    The Board's motion is procedurally deficient because it was filed in violation of Your Honor's Individual Rule of Practice 2(A), which requires a pre-motion conference "before making any motion" with exceptions not relevant here. Curiously, while the Board seems aware of Your Honor's rules and has complied with them in other respects (see counsel's March 26, 2019 letter transmitting courtesy copies of the Board's motion papers "[p]ursuant to the Court's individual practices"), it has chosen not to comply with Rule 2(A). For this reason alone, the motion should be denied.

    The motion is also substantively deficient. Though no specific standard, rule, or statute governs acceptance of *amicus curiae* briefs, leave should be granted, if at all, only "if the information offered is timely and useful."[1] Although not disclosed in the Board's motion papers, we note that the Board asked TNB's consent to this motion, and we declined to agree, because the Board's proposed filing is neither timely nor useful.

    *First*, the Board's request is untimely. "Since parties should have their dispute resolved without any unnecessary delay, where the filing of an *amicus curiae* brief would cause such a

---

[1] *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, Consolidated Actions Nos. 12 Civ. 7935(ALC)(HBP), 12 Civ. 7942(ALC)(HBP), 12 Civ. 7943(ALC)(HBP), 2014 WL 265784, at *1–2 (S.D.N.Y. Jan. 23, 2014) (citation and internal formatting omitted).

Hon. Andrew L. Carter, Jr.
March 27, 2019
Page 2

delay, it should not be accepted."[2]  The effect, if not the purpose, of the Board's belated request will be to *cause* unnecessary delay and should therefore be denied.

TNB brought this lawsuit to enforce its statutory right to a master account.[3]  Without such an account, TNB cannot operate its business *at all*.  FRBNY, working hand-in-glove with the Board, has made every effort to delay resolution of TNB's application with the transparent intention of putting TNB out of business.  More than a year ago, in December 2017, the Board overruled FRBNY's initial decision to approve TNB's application.  Thereafter, in May 2018, FRBNY stated that, in "consultation with" the Board, it was not giving TNB a master account, necessitating the filing of this action.  FRBNY first sought dismissal in October 2018—again, no doubt, in consultation with the Board.  Then, mere days before FRBNY filed its motion, the Board started a rulemaking process specifically designed *shut down* TNB even if it receives a master account.  Finally, the day before TNB's opposition was due, the Board filed a motion to submit its *amicus* brief.

The Board's and FRBNY's delay tactics here are unbecoming of those charged with promoting the public interest.  TNB needs a resolution and should not be forced to endure further delay because the Board did not make a timely *amicus* request.

*Second*, the Board offers nothing useful for this Court.  "The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief."  Requests of this kind are "*an abuse*" and "should not be allowed."[4]  The Board's request is such a one.

This case is about interpretation of a federal statute, 12 U.S.C. § 248a.  FRBNY's attorneys are undoubtedly competent to represent the Board's views, and this Court undoubtedly capable of interpreting federal law without the aid of yet another team of lawyers.  Indeed, it is inconceivable that the Board has not *already* had substantial input in the drafting of FRBNY's motion to dismiss.  This Court has denied an *amicus* request under similar circumstances.[5]

For all the reasons above, then, the Court should deny the Board's request to gang up on TNB with an *amicus* brief that is neither timely nor useful.  If the Court permits the Board to file

---

[2] *Andersen v. Leavitt*, No. 03–cv–6115 (DRH)(ARL), 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citations and internal formatting omitted).

[3] 12 U.S.C. § 248a(c)(2); *accord Fourth Corner Credit Union v. Fed. Reserve Bank Kan. City*, 861 F.3d 1052, 1064–1080 (10th Cir. 2017) (Bacharach, J.) (interpreting 12 U.S.C. § 248a(c)(2) to require Federal Reserve Banks to open master accounts for all qualified depository institutions).

[4] *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.); *accord Lehman*, 2014 WL 265784, at *2; *Picard v. Greiff*, 797 F.Supp.2d 451, 452 (S.D.N.Y. 2011).

[5] *Lehman*, 2014 WL 265784, at *2 (denying leave where parties were adequately represented and proposed briefing on industry custom or practice "could not singlehandedly upend the application of statute of limitations").

Hon. Andrew L. Carter, Jr.
March 27, 2019
Page 3

its brief—which it should not—TNB respectfully asks for two weeks from the grant of any motion to file a response in a like number of pages as the Board's *amicus* brief.

                                                Respectfully,

                                                Thomas E.L. Dewey

cc:     Counsel of Record (via ECF)