


BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
WASHINGTON, DC 20551

LEGAL DIVISION

April 1, 2019

BY ECF
The Hon. Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *TNB USA Inc. v. Federal Reserve Bank of New York*, No. 18 Civ. 7978 (ALC)

Dear Judge Carter:

As counsel for the Board of Governors of the Federal Reserve System ("Board"), I write in response to plaintiff TNB USA Inc.'s letter to the Court of March 27, 2019 (DE 25) ("Letter") opposing the Board's March 25, 2019 Motion for Leave to file a brief as *amicus curiae* (DE 23) ("Motion").

TNB opposes the Board's Motion on three grounds, each of which is unpersuasive. First, TNB argues that the Board's Motion is "procedurally deficient" because it did not request a pre-motion conference under the Court's Individual Rule 2A. Letter at 1. However, as the Board explained, *see* DE 23-01 at 3 n. 2, the Motion was filed without a request for a pre-motion conference so as to interfere as little as possible with the existing agreed briefing schedule on FRBNY's motion to dismiss.

TNB's timeliness argument also fails. The Board's Motion was filed after FRBNY's motion to dismiss but before TNB's opposition was due, and is therefore plainly timely. Moreover, the Motion was filed shortly after the Board's publication of the ANPR, *see* DE 23-02 at 3, 15-22 (*amicus* brief, describing ANPR), which articulates the Board's public policy concerns that TNB alleges have affected its request for a master account with FRBNY. Complaint (DE 1), ¶¶ 8, 72, 73, 75. Indeed, it is hard to discern when TNB believes the Board *should* have filed its *amicus* brief. It would not have assisted the Court to file an amicus brief *before* the FRBNY's motion to dismiss, nor does the Board suspect that TNB would have found an *amicus* brief filed *after* briefing had concluded to be any more opportune.

Indeed, in *Andersen v. Leavitt*, 2007 U.S. Dist. LEXIS 59108 at *4 (E.D.N.Y. Aug. 13, 2007), cited in the Letter at 2 n. 2, the court granted a request for leave to file an amicus brief five months after summary judgment briefing had *concluded*. Because no judgment had yet

been entered, the court held that granting the motion "will not cause *unnecessary* delay," particularly because, since the proposed brief was filed along with the motion, "the Court has already reviewed that *amicus* brief." *Id.* at **17-18 (emphasis in original).[1] Similarly, here, the Board's *amicus* brief, filed before briefing has concluded and shortly after issuance of the ANPR, is timely.

Third, the Court should reject TNB's suggestion that the Board's *amicus* brief "offers nothing useful for this Court." Letter at 2. To the contrary, the *amicus* brief provides the Court with the views of the agency tasked with implementing the Federal Reserve Act, the statute upon which this dispute is based, and explains the Board's public policy concerns that TNB alleges have affected its master account request. As the *Andersen* court noted, "'a public body clothed with powers and duties affecting the public interest, and involved in the subject matter presented before the court, may be entitled to the favor of appearing as *amicus curiae*.'" 2007 U.S. Dist. LEXIS 59108 at *7 (quoting 4 *Am. Jur. 2d Amicus Curiae* § 3). TNB's suggestion that it needs two weeks and "a like number of pages" to respond to the *amicus* brief, Letter at 3, belies its argument that the filing provides nothing useful to the Court.

Nor is TNB's suggestion that the Board is an "all[y] of [a] litigant" germane. Letter at 2. "[C]ourts no longer expect an *amicus* brief to be completely neutral." *Lehman XS Trust, Series 2006-GP2 v. Greenpoint Mort. Funding, Inc.*, 2014 U.S. Dist. LEXIS 11179 at *4 (S.D.N.Y. Jan. 23, 2014) (Carter, J.); *see also Onondaga Indian Nation v. New York*, 1997 U.S. Dist. LEXIS 9168 at *9 (N.D.N.Y. June 25, 1997) ("[t]he fact that the Counsel of Chiefs is not a completely neutral entity … is not a sufficient reason for denial of this [*amicus*] motion"). Moreover, unlike the FRBNY, the Board is the federal agency charged with setting the monetary policy that could be affected by TNB's business model and with implementing the statute at issue in this litigation. The Board thus offers a unique and important perspective in this dispute.

Finally, TNB's citation to the Court's opinion in *Lehman XS Trust* does not support its request that the Motion be denied. Letter at 2 and n. 5. In that case, the Court denied an industry association's motion for leave to file an *amicus* brief raising an issue which had "never been raised by either party," 2014 U.S. Dist. LEXIS 11179 at *8, and which was filed "long after briefing in the case had ended and thus would only have the effect of delaying the case." *Id.* at *4. Here, by contrast, the Board's timely *amicus* brief sets forth the unique perspective of the federal agency charged with implementing the statutory provisions relied upon by the parties and whose policy concerns the parties have raised as an issue affecting the outcome of this dispute.

Accordingly, the Court should grant the Board's Motion.

Respectfully submitted,

Yvonne F. Mizusawa
Senior Counsel

cc: Counsel of Record (via ECF)

---

[1] Notably, there is no suggestion in the *Andersen* decision that the Court contemplated permitting a response to the *amicus* filing.