DEWEY PEGNO & KRAMARSKY LLP

777 THIRD AVENUE · NEW YORK, NEW YORK  10017
PHONE: (212) 943-9000 · FACSIMILE: (212) 943-4325
WWW.DPKLAW.COM

April 3, 2019

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    *TNB USA Inc. v. Fed. Reserve Bank of N.Y.*, No. 18 Civ. 7978-ALC

Dear Judge Carter:

We represent Plaintiff TNB USA Inc. ("TNB") and write in response to the Federal Reserve Board's (the "Board") recent letter in support of its motion to file an *amicus* brief that is procedurally improper, untimely, and not useful (ECF No. 26) (the "Letter").  The Board plainly believes itself above the rules, and the Court should reject its *amicus* submission.[1]

*First*, the Board has admitted that it knowingly ignored the Rules and submitted its motion without requesting a pre-motion conference.  The Board's excuse is that it did not want to interfere with the briefing schedule for defendant Federal Reserve Bank of New York's ("FRBNY") motion to dismiss.  Even setting aside that the Board could do more to further that aim simply by ***not*** filing an untimely and redundant brief, the Rules make no exception to the pre-motion conference requirement for litigants who want relief more quickly, except where a party moves by order to show cause, which the Board chose not to do, and which would have permitted the Court to determine whether to issue such an order.  Tellingly, though the Board contacted TNB in advance of making its motion, the Board never so much as mentioned the possibility of foregoing a pre-motion conference, let alone asked TNB's permission to do so.  For these reasons alone, the Board's submission should be rejected.

*Second*, the Board's motion is untimely on the facts of this case.  Importantly, the Board does not deny that it has been well aware of this litigation from the very start, including FRBNY's decision to seek dismissal in October 2018.  There is no reason the Board could not have asked for leave to file an *amicus* brief then—***nearly six months ago***.  Instead, the Board

---

[1] Because Your Honor's Individual Rules (the "Rules") permit a party opposing a proposed motion to submit a responding letter, we believe this submission is authorized by those Rules.

Hon. Andrew L. Carter, Jr.
April 3, 2019
Page 2

waited until ***the day before*** TNB's opposition was due and now suggests that TNB should not even have the opportunity to respond.  (Letter at 2 n.1.)  These tactics should not be rewarded.

*Third*, the Board has not shown that its *amicus* brief will be useful.  The Board does not deny that FRBNY's motion to dismiss presents a question of statutory interpretation—not policy.  Nor does the Board deny that it was already involved in drafting FRBNY's motion to dismiss.  In other words, the Court ***has*** heard the Board's views and does not need another 22 pages of briefing to hear them once again.  Indeed, the Board's brief simply repeats the same mistaken statutory interpretation put forward by FRBNY, while also insisting that the Court should step aside simply because the Board says so.

*Finally*, the mere fact that TNB has asked for the right to respond to the Board's brief—if the Court considers it—does not make the brief useful (except to further delay these proceedings).  Just because the Board's views are mistaken and redundant of FRBNY's own does not mean that TNB should be precluded from showing why that is the case.

The Court should deny the Board's motion or permit TNB two weeks to respond to the Board's brief with a like number of pages.

Respectfully,

Thomas E.L. Dewey

cc:    Counsel of Record (via ECF)