**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TNB USA INC.,

               Plaintiff,

     v.

FEDERAL RESERVE BANK OF NEW YORK,

            Defendant.

Civil Action No. 1:18-cv-7978-ALC

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM FOR**
**LEAVE TO FILE A BRIEF AS *AMICUS CURIAE***

Mark Van Der Weide, General Counsel
Katherine H. Wheatley, Associate General Counsel
Yvonne Mizusawa, Senior Counsel
Board of Governors of the Federal
  Reserve System
20th and C Streets, N.W.
Washington, D.C. 20551
 (202) 452-3436

*Counsel for the Board of Governors*
*of the Federal Reserve System*

Date: March 25, 2019
     Washington, D.C.

## <u>IDENTITY AND INTEREST OF *AMICUS CURIAE*</u>

The Board of Governors of the Federal Reserve System ("Board") is a United States government agency composed of seven members appointed by the President and confirmed by the Senate.  12 U.S.C. § 241; *Comm. for Monetary Reform v. Bd. of Governors of the Fed. Reserve Sys.*, 766 F.2d 538, 539-40 (D.C. Cir. 1985).  The Board, together with the twelve regional Federal Reserve Banks ("Federal Reserve Banks") and the Federal Open Market Committee ("FOMC"), are the major components of the Federal Reserve System.  *Comm. for Monetary Reform*, 766 F.2d at 539.  The Board oversees the operations of the Federal Reserve Banks, including defendant Federal Reserve Bank of New York ("FRBNY").  *Fasano v. Fed. Reserve Bank of New York*, 457 F.3d 274, 278 (3d Cir. 2006) (the Board "loosely oversees the Federal Reserve Banks' operations"); *see also McKinley v. Board of Governors of Fed. Res. Sys.*, 647 F.3d 331, 333 (D.C. Cir. 2011) ("the Board exercises significant supervisory authority over Reserve Banks").

The Board has statutory authority to promulgate rules implementing its powers under the Federal Reserve Act, 12 U.S.C. §§ 221, *et seq.* ("FRA"), and other statutes, and that authority may not be delegated.  12 U.S.C. §§ 248(i) and (k).  The Board and FOMC are charged with conducting monetary policy "to promote effectively the goals of maximum employment, stable prices, and moderate long-term interest rates."  12 U.S.C. § 225a; *Fasano*, 457 F.3d at 277; *The Federal Reserve System Purposes and Functions* 21 (10th ed. Oct. 2016).[1]  The Board may act in

---

[1] The Board's *Purposes and Functions* publication, available at http://www.federalreserve.gov/pf/pf.htm, has been relied upon by courts, including the Supreme Court and Second Circuit, to describe Federal Reserve System operations.  *See, e.g., FOMC v. Merrill*, 443 U.S. 340, 342 n.2 (1979); *U.S. ex rel Kraus and Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 39 (2d Cir. 2016), *vacated and remanded on other gnds*, __ U.S. __, 137 S. Ct. 1067 (2017).

2

its own name, and through its own attorneys, to enforce any statute or regulation under its jurisdiction or in any suit involving the Board's regulation or supervision of any bank, bank holding company, or other entity, such as a Reserve Bank, or the administration of its operations. 12 U.S.C. § 248(p).

The Board files this brief because it believes that the issues in this case could have far-reaching consequences to matters of great significance to the Board.  Acceptance of plaintiff TNB USA Inc.'s ("TNB's") claim that the FRA gives it a right to a master account at the FRBNY – with the concomitant right to receive interest on excess reserves held in such an account at the currently applicable rate – raises significant policy concerns regarding the impact TNB's business model could have on monetary policy, financial stability, and financial intermediation – all areas in which the Board has statutory responsibility.  TNB's position is at odds with the Board's interpretation of its governing statute, and the Board believes the Court would benefit from the Board's views on this issue and on the policy concerns that the Board recently has expressed in a rulemaking proposal regarding TNB's business model.

## **ARGUMENT**

### I.     **THE COURT SHOULD GRANT THE BOARD'S MOTION FOR LEAVE TO FILE AN *AMICUS* BRIEF**

#### (i)     **Standard for Filing an *Amicus* Brief in District Court**

"'There is no governing standard, rule or statute 'prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court.'"[2] *Lehman XS Trust, Series 2006-*

---

[2] Paragraph 2A of the Court's Individual Practices requires a pre-motion conference in many circumstances.  Here, after the parties filed pre-motion letters, plaintiff TNB USA, Inc. ("TNB") requested, and FRBNY agreed, to forgo a pre-motion conference and enter an agreed briefing schedule.  Docket Entry ("DE") 16, 18.  In keeping with the parties' request, which was so Ordered by the Court, DE 19, and to avoid disrupting the agreed briefing schedule, the Board has moved for leave to file its *amicus* brief rather than filing a pre-motion letter.

*GP2 v. Greenpoint Mort. Funding, Inc.*, 2014 U.S. Dist. LEXIS 11179 at *5 (S.D.N.Y. Jan. 23,

2014) (Carter, J.) (quoting *Onondaga Indian Nation v. State of New York*, 1997 U.S. Dist. LEXIS

9168 at *6 (N.D.N.Y. June 25, 1997) (quoting *U.S. v. Gotti*, 755 F. Supp. 1157, 1158 (E.D.N.Y.

1991))).  "As such, the decision to grant leave to file a brief *amicus curiae* is in the firm

discretion of the court."  *Id.*  "'The usual rationale for *amicus curiae* submissions is that they are

of aid to the court and offer insights not available from the parties.'"[3]  *Id.* at **6-7 (quoting *Auto.

Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, 2011 U.S. Dist. LEXIS 135391 at *6

(S.D.N.Y. Nov. 22, 2011) (other internal citation omitted)).

> **(ii)    The Court Should Grant the Board's Motion Because its *Amicus* Brief Offers Unique Insights and Perspectives Not Available From the Parties Which Will Aid the Court**

Here, the Board's *amicus* brief, filed herewith, offers unique insights and perspectives not

available from the parties.  The Board's interpretation of federal banking statutes it is primarily

responsible for implementing is entitled to deference as long as reasonable and consistent with

legislative intent.  *Board of Governors of Fed. Res. Sys. v. First Lincolnwood*, 439 U.S. 234, 251

(1978) ("courts should defer to an agency's construction of its own statutory mandate …

particularly when that construction accords with well-established congressional goals") (internal

citations omitted); *Conn. Office of Prot. & Advocacy for Persons with Disabilities v. Hartford

Bd. of Educ.*, 464 F.3d 229, 239 (2d Cir. 2006) (granting deference to agency interpretations

---

[3] In deciding whether to grant leave to file an *amicus* brief, this Court has also "look[ed] to the Federal Rules of Appellate Procedure, which does provide a rule for the filing of an *amicus* brief."  *Lehman XS Trust*, 2014 U.S. Dist. LEXIS 11179 at *5.  FRAP 29(a) permits "[t]he United States or its officer or agency," such as the Board, to file an *amicus* brief "without the consent of the parties or leave of court," which weighs in favor of granting this motion.  *See Auto. Club*, 2011 U.S. Dist. LEXIS 135391 at *1 n.1 (although district courts are not bound by Rule 29, they "sometimes look to it for guidance when reviewing a request to file an amicus brief").

articulated in *amicus* briefs "on account of the 'specialized experience' and information available to the agency" and other factors) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 139 (1944)).

Here, the parties have raised the proper interpretation of sections 11A and 13 of the FRA, 12 U.S.C. §§ 248a and 342, as an issue.  Complaint, ¶¶ 6, 12, 26-31, 121; Memorandum of Law in Support of Defendant Federal Reserve Bank of New York's Motion to Dismiss, filed March 8, 2019 (DE 21) ("FRBNY Br.") at 15-23; TNB's Pre Motion Response letter, filed October 19, 2018 (DE 15) ("TNB Response Letter") at 2-3.  The Board, which is primarily responsible for implementing the FRA, and the views of which in an *amicus* brief are entitled to some deference because of its specialized experience, is uniquely suited to address those issues.  *See Micula v. Gov't of Romania*, 2015 U.S. Dist. LEXIS 102907 at *2 n.1 (S.D.N.Y. Aug. 5, 2015), *rev'd and remanded on other gnds*, 2017 U.S. App. LEXIS 20701 (2d Cir. Oct. 23, 2017) (granting motion of European Union, the body "entrusted with ensuring the application of the founding treaties of the E.U." for leave to file an *amicus* brief regarding proper interpretation of European law); *Waste Management, Inc. v. City of York*, 162 F.R.D. 34, 37 (M.D. Pa. 1995) (granting EPA's motion for leave to file an *amicus* brief where EPA is "the primary body responsible for administering and enforcing CERCLA … the statute involved in this action").

In addition, both TNB and FRBNY have stated that TNB's request for a master account has been affected by the Board's policy concerns regarding the impact TNB's narrow banking business model could have on the Board's ability effectively to conduct monetary policy and enhance financial stability.  *See, e.g.,* Complaint (DE 1), ¶¶ 8, 72, 73, 75; TNB Response Letter at 3; FRBNY Br. at 1, 7-9, 23-24.  The Board, which, together with the FOMC, is responsible for determining our nation's monetary policy, is uniquely placed to speak to these policy concerns, which it does in the *amicus* brief.

The Board's *amicus* brief responds to issues raised by the parties and does not address "wholly new issues not raised by the parties."  *Lehman XS Trust*, 2014 U.S. Dist. LEXIS 11179 at \*7 (internal quotation omitted).  Granting the Board's motion would not prejudice any party, as briefing on FRBNY's motion to dismiss is not yet complete and the parties could request and be granted leave to respond to the Board's *amicus* brief.  Moreover, granting the Board leave to file an *amicus* brief "'will insure a complete and plenary presentation of [potentially] difficult issues so that the court may reach a proper decision.'"  *Onondaga Indian Nation*, 1997 U.S. Dist. LEXIS 9168 at \*8 (quoting *Gotti*, 755 F. Supp. at 1158).

## II.   CONCLUSION

For the foregoing reasons, the Board's Motion for Leave to file a Brief *Amicus Curiae* should be granted.

Dated: Washington, D.C.
　　　 March 25, 2019

Respectfully submitted,


  /s/  Yvonne F. Mizusawa
Mark Van Der Weide, General Counsel
Katherine H. Wheatley
   Associate General Counsel
Yvonne F. Mizusawa, Senior Counsel
Board of Governors of the
   Federal Reserve System
Washington, D.C.  20551
Telephone:  (202) 452-3436
Facsimile:  (202) 736-5615
yvonne.f.mizusawa@frb.gov

*Counsel for Amicus Curiae Board of Governors of the Federal Reserve System*