# **EXHIBIT A**

| | |
|---|---|
| **From:** | Kalstein, Michele <michele.kalstein@ny.frb.org> |
| **Sent:** | Wednesday, May 8, 2019 3:56 PM |
| **To:** | Anders Pauley |
| **Cc:** | Thomas E.L. Dewey; David S. Pegno |
| **Subject:** | RE: TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.) |

Anders,

Our insistence that TNB adhere to the Federal Rules is not "procedural haggling." We are pointing out the fact—which you do not contest—that TNB's discovery requests are invalid and unenforceable under the plain language of Rule 26.

We are surprised at TNB's demand that the parties now rush to immediately convene a Rule 26(f) conference. TNB filed its complaint over 8 months ago and did not once raise the issue of discovery, except in opposing the New York Fed's motion to dismiss—where TNB suggested that discovery would be *inappropriate* in this declaratory judgment action because "no new facts will enhance the Court's ability to resolve" TNB's purely legal claim.

Under these circumstances, we do not believe a Rule 26(f) conference should be scheduled while the motion to dismiss is sub judice. Among other things, a ruling on the pending motion could affect the issues to discuss, so there may be no need to hold a Rule 26(f) conference at all, let alone at this premature stage. The parties can reassess whether a conference is appropriate once the Court renders a decision on the motion to dismiss.


Michele Kalstein
Senior Counsel and Vice President
Federal Reserve Bank of New York
(212) 720-5056 (phone)
(212) 720-8709 (fax)

---

**From:** Anders Pauley [mailto:apauley@dpklaw.com]
**Sent:** Tuesday, May 07, 2019 9:57 AM
**To:** Kalstein, Michele
**Cc:** Thomas E.L. Dewey; David S. Pegno
**Subject:** [External] RE: TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.)


NONCONFIDENTIAL // EXTERNAL

> **PLEASE NOTE: This email is not from a Federal Reserve address.**
> Do not click on suspicious links. Do not give out personal or bank information to unknown senders.

Michele,

Rule 26(f) requires the parties to meet "as soon as practicable" to plan for discovery. There's no reason we can't have a Rule 26(f) conference this week, thereby eliminating the only basis you've given for refusing to address TNB's discovery requests, and at the same time also meet and confer on the requests themselves.

Again, please let us know when you're available this week. Let's dispense with the procedural haggling and get to substance.

Thanks,

Anders W. Pauley
Dewey Pegno & Kramarsky LLP
777 Third Avenue
New York, NY 10017
(212) 943-9000 (ph)
(212) 943-4325 (f)

---

**From:** Kalstein, Michele <michele.kalstein@ny.frb.org>
**Sent:** Monday, May 6, 2019 6:07 PM
**To:** Anders Pauley <apauley@DPKLAW.COM>
**Cc:** Thomas E.L. Dewey <tdewey@dpklaw.com>; David S. Pegno <dpegno@dpklaw.com>
**Subject:** RE: TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.)

Dear Anders,

As we noted before, because the discovery requests TNB sent are invalid, no response is required. There is therefore nothing to meet and confer about with respect to them.

Regards,

Michele


Michele Kalstein
Senior Counsel and Vice President
Federal Reserve Bank of New York
(212) 720-5056 (phone)
(212) 720-8709 (fax)

---

**From:** Anders Pauley [mailto:apauley@dpklaw.com]
**Sent:** Friday, May 03, 2019 5:30 PM
**To:** Kalstein, Michele
**Cc:** Thomas E.L. Dewey; David S. Pegno
**Subject:** [External] RE: TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.)


NONCONFIDENTIAL // EXTERNAL

2

> **PLEASE NOTE: This email is not from a Federal Reserve address.**
> Do not click on suspicious links. Do not give out personal or bank information to unknown senders.

Thanks, Michele. We can fold the Rule 26(f) conference into our meet and confer regarding the requests.

Please let us know when you're available next week.

Anders W. Pauley
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue
New York, NY 10017
(212) 943-9000 (ph)
(212) 943-4325 (f)

---

**From:** Kalstein, Michele <michele.kalstein@ny.frb.org>
**Sent:** Friday, May 3, 2019 5:17 PM
**To:** Anders Pauley <apauley@DPKLAW.COM>
**Cc:** Thomas E.L. Dewey <tdewey@dpklaw.com>; David S. Pegno <dpegno@dpklaw.com>
**Subject:** RE: TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.)

Dear Anders,

The document requests and interrogatories attached to your email are in violation of Rule 26(d)(1), which states that a "party may not seek discovery from any source before" a Rule 26(f) conference has taken place. In light of the fact that these discovery requests are facially invalid, no response is required.

Regards,

Michele

Michele Kalstein

Senior Counsel and Vice President

Federal Reserve Bank of New York

(212) 720-5056 (phone)

(212) 720-8709 (fax)

**From:** Anders Pauley [mailto:apauley@dpklaw.com]
**Sent:** Thursday, May 02, 2019 3:20 PM
**To:** Kalstein, Michele
**Cc:** Thomas E.L. Dewey; David S. Pegno
**Subject:** [External] TNB v. Federal Reserve Bank of New York, No. 18-cv-7978 (S.D.N.Y.)

NONCONFIDENTIAL // EXTERNAL

**PLEASE NOTE: This email is not from a Federal Reserve address.**

Do not click on suspicious links. Do not give out personal or bank information to unknown senders.

Michele,

Please see attached, which were mailed to you this afternoon, and let us know when you're available to meet and confer regarding the same.

Best,

Anders


Anders W. Pauley

Dewey Pegno & Kramarsky LLP

777 Third Avenue

New York, NY 10017

(212) 943-9000 (ph)

(212) 943-4325 (f)

4

This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential or proprietary information. If you are not the intended recipient, immediately contact the sender by reply e-mail and destroy all copies of the original message.

This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential or proprietary information. If you are not the intended recipient, immediately contact the sender by reply e-mail and destroy all copies of the original message.

This e-mail message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential or proprietary information. If you are not the intended recipient, immediately contact the sender by reply e-mail and destroy all copies of the original message.