# **EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TNB USA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> FEDERAL RESERVE BANK OF NEW YORK, <br><br> *Defendant*. | No. 18 Civ. 7978 (ALC) |

## PLAINTIFF'S FIRST DOCUMENT REQUESTS

Under Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiff TNB USA Inc. ("TNB") requests that, within thirty days of service, Defendant Federal Reserve Bank of New York ("FRBNY"), subject to all applicable rules, definitions, and instructions, produce the following documents for inspection and copying.

## Definitions

1. "Action" means the lawsuit captioned above.

2. "Accuity" means Accuity Inc., including but not limited to its officers, directors, employees, partners, subsidiaries, affiliates, counsel, agents, or designees.

3. "Amicus Brief" means Exhibit A to the Declaration of Yvonne F. Mizusawa in Support of Motion for Leave to File a Brief as *Amicus Curiae* (Mar. 25, 2019), ECF No. 23-2, filed in this Action.

4. "ANPR" means the Advance Notice of Proposed Rulemaking captioned Regulation D: Reserve Requirements of Depository Institutions, 84 Fed. Reg. 8829 (proposed Mar. 12, 2019) (to be codified at 12 C.F.R. pt. 240).

5. "Board" means the Board of Governors of the Federal Reserve System, including but not limited to its governors, officers, directors, employees, members, partners, subsidiaries, sub-agencies, affiliates, agents, or designees.

6. "Communication(s)" has the same meaning as Local Civil Rule 26.3(c)(1).

7. "Concerning" has the same meaning as Local Civil Rule 26.3(c)(7).

8. "CTDoB" means the Connecticut Department of Banking, including but not limited to its officers, directors, employees, members, partners, subsidiaries, sub-agencies, affiliates, counsel, agents, or designees.

9. "Defendant," "FRBNY," "you," and "your" have the same meaning as Local Civil Rule 26.3(c)(5).

10. "Document(s)" has the same meaning as Local Civil Rule 26.3(c)(2).

11. "Identify" with respect to a person has the same meaning as Local Civil Rule 26.3(c)(3).

12. "Identify" with respect to a document has the same meaning as Local Civil Rule 26.3(c)(4).

13. "Master Account" has the same meaning as in your Motion to Dismiss Brief and Reply and the Amicus Brief.

14. "Motion to Dismiss Brief" means the Memorandum of Law in Support of Defendant Federal Reserve Bank of New York's Motion to Dismiss (Mar. 8, 2019), ECF No. 21, filed in this Action.

15. "Motion to Dismiss Reply" means the Reply in Further Support of Defendant Federal Reserve Bank of New York's Motion to Dismiss (Apr. 12, 2019), ECF No. 28, filed in this Action.

16. "Person(s)" has the same meaning as Local Civil Rule 26.3(c)(6).

17. "Plaintiff" and "TNB" have the same meaning as Local Civil Rule 26.3(c)(5).

18. The present tense must be construed to include the past tense and vice versa.

19. Use the rules of construction required by Local Civil Rule 26.3(d).

## Instructions

1. Make all objections in writing and deliver them to the undersigned counsel at Dewey Pegno & Kramarsky LLP, 777 Third Avenue – 37th Floor, New York, New York 10017, on or before the date set for production.

2. Produce all documents as they are kept in the usual course of business, including any labels, file markings, or similar identifying features, or else organized and labeled to correspond to the categories requested. If no documents are responsive to a request, or if you withhold any responsive documents or categories of documents based on any objections, you must say so in writing.

3. Produce electronically stored information ("ESI") either in its original native format, including its accompanying metadata, or in ".TIFF" format with corresponding load files containing the document's text and all available metadata.

4. These requests call for all responsive documents in your possession, custody or control, or in the possession, custody, or control of your employees, designees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint venture partners, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, designees, agents, or any other persons acting on your behalf. If you contend that any documents are not within your possession or custody, describe in detail the

efforts you made to locate each such document. If you contend that any documents are not under your control, identify who has control and the location of the documents.

6. Each request requires production of all responsive documents in their entirety. If only part of a document is responsive to one or more requests, you must nevertheless produce the document in its entirety.

7. If you withhold any document, in whole or in part, for any reason, including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, you must provide the information required by Local Civil Rule 26.2.

8. If you object to any document request on any ground other than privilege, you must specify:

    a. the part of the request that is objectionable and respond and allow inspection of materials responsive to the rest of the request; and

    b. whether any responsive materials are being withheld because of an objection.

9. To the extent you contend that a document has information that should be protected from disclosure—based on the attorney-client privilege, work product doctrine, or another protection—as well as non-privileged information, the non-privileged portions of the document must be produced. For each such document, designate the portion of the document withheld by stamping the words "REDACTED FOR [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

10. These requests cover the period from June 1, 2017 to the present.

11. Interpret all requests to encompass all responsive items. Examples of responsive items described in any request must not be construed to limit the scope of the request.

12. These requests are continuing, and you must promptly supplement your responses when proper or necessary as required by Rule 26(e) of the FRCP.

## Document Requests

**Document Request No. 1:** All documents and communications concerning TNB or any actual or potential application by TNB for a Master Account, including but not limited to all communications with TNB, the Board, Accuity, or CTDoB

**Document Request No. 2:** All documents and communications concerning the purportedly "ongoing" review of TNB's Master Account application to FRBNY, as described in the Motion to Dismiss Brief and Reply and the Amicus Brief, including but not limited to any documents or communications that post-date the filing of the complaint in this Action.

**Document Request No. 3:** All documents and communications concerning any policies, procedures, rules, criteria, guidelines, guidance (formal or informal), instructions, or principles concerning the opening of, or eligibility for, Master Accounts.

**Document Request No. 4:** All documents and communications concerning any policies, procedures, rules, criteria, guidelines, guidance (formal or informal), instructions, or principles concerning Federal Reserve Bank obligations under the Depository Institutions Deregulation and Monetary Control Act of 1980 (the "Act"), including the Act's effect on the availability of Federal Reserve Bank services.

**Document Request No. 5:** All documents and communications concerning the ANPR, including but not limited to all documents and communications concerning the timing of the ANPR's publication.

**Document Request No. 6:** All documents and communications concerning "Pass-Through Investment Entities" or "PTIEs" as those terms are used in the ANPR, including but not

limited to all internal analyses of the policy considerations implicated by the granting of Master Accounts to PTIEs.

**Document Request No. 7:** All documents and communications reviewed, provided, identified, or referenced in answer to any interrogatories served in this Action by TNB.

**Document Request No. 8:** All documents concerning notes or other contemporaneous writings or recordings (such as diaries, calendars and journals) made by FRBNY or the Board concerning the subject matter of the Action.

**Document Request No. 9:** All documents and communications concerning any analysis of whether TNB is entitled to a Master Account.

**Document Request No. 10:** All documents and communications concerning the May 16, 2018 letter from FRBNY to TNB's counsel regarding TNB's application for a Master Account, including but not limited to all drafts of that letter.

Dated: New York, New York
      May 2, 2019

**DEWEY PEGNO & KRAMARSKY LLP**

_____
Thomas E.L. Dewey
David S. Pegno
Anders W. Pauley
777 Third Avenue – 37th Floor
New York, New York 10017
Telephone: (212) 943-9000
Facsimile: (212) 943-4325
E-mail:  tdwey@dpklaw.com
        dpegno@dpklaw.com
        apauley@dpklaw.com

*Attorneys for Plaintiff TNB USA Inc.*

## CERTIFICATE OF SERVICE

I, THOMAS E.L. DEWEY, certify that on May 2, 2019 I served the foregoing by U.S. and electronic mail on the following:

Michele Kalstein
Michael M. Brennan
Federal Reserve Bank of New York
33 Liberty Street
New York, New York 10045
E-mail: michele.kalstein@ny.frb.org

*Attorneys for Defendant*
*Federal Reserve Bank of New York*

                                                                                              Thomas E.L. Dewey