# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

**Michele Kalstein**
SENIOR COUNSEL

May 20, 2019

VIA ECF

The Hon. Andrew L. Carter, Jr.
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *TNB USA Inc. v. Federal Reserve Bank of New York*, No. 18 Civ. 7978 (ALC)

Dear Judge Carter:

I write on behalf of Defendant Federal Reserve Bank of New York (the "New York Fed") in response to Plaintiff TNB USA Inc.'s ("TNB") letter of May 15, 2019 (the "Letter").  In this declaratory judgment action, TNB raises only a single, purely legal claim, *which TNB has acknowledged does not require discovery to resolve*.  Despite that fact, TNB now asks the Court to compel the parties to engage in unnecessary discovery during the pendency of the New York Fed's motion to dismiss, including the extensive, improper discovery requests TNB attaches as exhibits to its Letter.  The New York Fed respectfully requests that the Court stay discovery until the motion to dismiss is resolved, and that to the extent the Court holds a pre-motion conference, that conference include this request for a stay.

I.    TNB Improperly Seeks Burdensome Discovery from the New York Fed, Notwithstanding Its Concession That Discovery Is Not Warranted

TNB's filings to date all demonstrate that discovery in this action would be inappropriate at *any* stage, let alone while a dispositive motion to dismiss is pending.  In its Complaint (which this Court has discretion to decline to consider at all) TNB raises the single, wholly legal question of whether Section 11A of the Federal Reserve Act, 12 U.S.C. § 248a(c), entitles TNB to a deposit account at the New York Fed, an operating arm of the nation's central bank.[1]  *See* TNB Complaint ¶¶ 120-24.   TNB then expressly represented in its opposition to the New York Fed's motion to dismiss that there is no need for discovery here because "no new facts will enhance the Court's ability to resolve the issue of statutory interpretation presented by TNB's complaint."  Opp. at 22.

---

[1] TNB seeks this account so that TNB can arbitrage a critical interest rate authorized in the wake of the financial crisis—known as interest on excess reserves ("IOER")—that the Federal Reserve uses to fulfill its statutory mandate to set and execute United States monetary policy.  The Federal Reserve has serious concerns—which it continues to evaluate—that TNB's novel business model could interfere with its ability to carry out its policy mandates to maintain financial stability and promote a healthy economy.

**T**  212.720.5056  |  **F**  212.720.8709  |  **E**  Michele.kalstein@ny.frb.org  |  **W**  www.newyorkfed.org

FEDERAL RESERVE BANK *of* NEW YORK

Contrary to the position taken in its brief—and despite the fact that no Rule 16 scheduling order had been entered and no Rule 26(f) conference had taken place—on May 2, 2019, TNB improperly purported to serve the New York Fed with exceedingly broad and irrelevant document requests and interrogatories. *See* Letter Ex. B. at 5-6 (setting forth ten document requests demanding "*all*" documents and communications concerning vague categories of information, such as "[a]ll documents concerning notes or other contemporaneous writings or recordings . . . made by the FRBNY or the Board concerning the subject matter of the Action") (emphasis added); Letter Ex. C at 4 (listing nine interrogatories seeking overbroad categories of information, such as "all communications between any Governor of the Board and any FRBNY employee concerning TNB").[2]  The New York Fed promptly informed TNB that its discovery requests were invalid, *see* Letter Ex. A at 3-4, and stated its position—consistent with TNB's filings—that no discovery is warranted here, particularly while the New York Fed's motion to dismiss remains pending*, see id.* at 1.  However, instead of conferring with the New York Fed to try to explain why discovery is needed to resolve a question of law, TNB filed its Letter seeking to compel discovery and mischaracterizing the New York Fed's insistence that TNB comply with the Federal Rules as "procedural gamesmanship."  Letter at 1.

II.    <u>The Court Should Stay Discovery During the Pendency of the Motion to Dismiss</u>

Rather than compelling the parties to engage in unnecessary and costly discovery at this stage, as TNB requests, the Court should exercise its considerable discretion under Rule 26(c) to stay discovery "for good cause."  *Boelter v. Hearst Comms, Inc.*, 15 Civ. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016).  Where a dispositive dismissal motion has been filed, "courts consider three factors" in determining whether to grant a stay: "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay."  *Negrete v. Citibank*, 15 Civ. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015).  Each of these factors weighs in favor of a stay here.

*First*, the "substantial arguments for dismissal" set forth in the New York Fed's motion to dismiss are more than sufficient to show that TNB's claim lacks merit for purposes of a stay. *Boelter*, 2016 WL 361554 at *5 (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013)).  The Court need "not predict the outcome" of the New York Fed's motion, rather it may find that a stay is warranted if, after "an initial review," it finds that the New York Fed's arguments are not "frivolous" and that "succeeding on each argument alone may warrant dismissal of Plaintiff's entire complaint."  *Id.* That is precisely the case here, where the New York Fed has raised multiple arguments showing that TNB's claim fails as a matter of law.[3]  *See Integrated Sys. & Power, Inc. v. Honeywell Int'l,*

---

[2] While TBN claims that it "served" these discovery requests on the New York Fed, Letter at 1, because no Rule 26(f) conference has taken place, that service attempt was legally deficient.  *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, 16 Civ. 1318 (GBD) (BCM), 2017 WL 953921, at *2 (S.D.N.Y. Mar. 7, 2017) ("[W]hile plaintiffs were free to 'deliver' Rule 34 document request to defendant, those requests will not be considered 'served' until the Rule 26(f) conference takes place.").

[3] Specifically, the New York Fed has argued that (i) TNB has suffered no injury and thus lacks standing because its deposit account application has not yet been decided, Br. at 10-11; Reply at 2-3; (ii) TNB's

FEDERAL RESERVE BANK *of* NEW YORK

3

*Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sep. 1, 2009) (stay granted where defendant had "put forth in its motion multiple, independent arguments for dismissal and the motion 'appear[ed] not to be unfounded in the law'") (citation omitted).

      *Second*, the breadth of TNB's propounded discovery requests and the burden of responding to them—let alone any requests TNB may make in the future—further support the issuance of a stay, particularly because as TNB itself has acknowledged *no fact discovery at all* will aid the Court's resolution of TNB's claim.  As detailed above, TNB's discovery requests are numerous, overly broad, and demand substantial amounts of irrelevant information.  TNB should not be permitted to compel the New York Fed to incur the burden and costs associated with responding to such requests (or engaging in related motion practice) when they may be mooted by the Court's resolution of the New York Fed's pending motion to dismiss.  *See id.* (granting stay where doing so "could avoid the need for costly and time-consuming discovery").

      *Third*, TNB will not be unfairly prejudiced by any delay in commencing discovery.  As this Court has held, staying discovery after a dispositive motion has been briefed, as here, does "not prejudice the Plaintiff to any degree."  *Id.*; *see also Spencer Trask Software & Info. Svcs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("'A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'") (citation omitted).  Moreover, TNB can hardly claim any prejudice when it has already gone on record characterizing discovery as unnecessary to adjudicating this action.

      For the foregoing reasons, the New York Fed respectfully requests that the Court deny TNB's request for a Rule 16 scheduling conference so that discovery can proceed, and asks that the Court instead stay discovery pending its resolution of the New York Fed's motion to dismiss.

          Respectfully submitted,

          /s/ Michele Kalstein
          Michele Kalstein

cc:    Counsel of Record (via ECF)

---

claim is both constitutionally and procedurally unripe for the same reason, Br. at 11-13; Reply at 3-5; (iii) the Court should decline to exercise its discretion to hear this case under the Declaratory Judgment Act because it is contrary to the public interest, Br. at 13-14; Reply at 5; and (iv) TNB's interpretation of the Federal Reserve Act is wrong and does not support its requested declaration, Br. at 15-25; Reply at 5-10.