**DEWEY PEGNO & KRAMARSKY LLP**

777 THIRD AVENUE   NEW YORK, NEW YORK 10017

PHONE: (212) 943-9000   FACSIMILE: (212) 943-4325

WWW.DPKLAW.COM

June 12, 2019

**BY ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>*TNB USA Inc. v. Fed. Reserve Bank of N.Y.*, No. 18 Civ. 7978-ALC</u>

Dear Judge Carter:

    We represent plaintiff TNB USA Inc. ("TNB"). We write in response to Defendant Federal Reserve Bank of New York's ("FRBNY") letter concerning discovery and to renew our May 15, 2019 request for a Rule 16 conference with the Court so this case can proceed.[1]

    More than two years ago, TNB approached FRBNY to open a master account, which typically takes a week or less.  Ever since, FRBNY has refused to act on TNB's application, in violation of its statutory duty to make Federal Reserve services available to all qualified depository institutions.  Without a master account, TNB cannot run its business—a state of affairs that FRBNY has been all too willing to maintain as the Federal Reserve Board (the "Board") rushes through an agency rule change specifically directed at TNB..[2]  Faced with this, TNB has asked the Court for a speedy hearing under Fed. R. Civ. P. 57 and to order FRBNY to begin discovery.

    Now, however, FRBNY has refused to engage in discovery based on the circular argument that discovery cannot proceed absent a Rule 26(f) conference, which FRBNY refuses to schedule.  This is improper.  Unless the Court orders otherwise—and the Court has not—Fed. R. Civ. P. 26(f)(1) requires the parties to "confer as soon as practicable" to plan for discovery.

---

[1] Pl.'s Letter Mot. for Conference (May 15, 2019) ("Letter Motion"), ECF No. 32.

[2] *See* Advance Notice of Proposed Rulemaking captioned Regulation D: Reserve Requirements of Depository Institutions, 84 Fed. Reg. 8829 (proposed Mar. 12, 2019) (to be codified at 12 C.F.R. pt. 240).

Hon. Andrew L. Carter, Jr.
June 12, 2019
Page 2

FRBNY, realizing this, has belatedly asked the Court to stay discovery until the motion to dismiss is decided.[3]

      FRBNY has not proven that a stay is appropriate. *First*, FRBNY has not made a "**strong**" showing that TNB's claims lack merit. No less than four federal judges have considered FRBNY's statutory arguments; **not one** has accepted them.[4] *Second*, TNB's discovery requests are few—ten document requests and nine interrogatories—and specific to TNB.[5] It is inconceivable that FRBNY has a vast trove of documents concerning either TNB—a three-year-old bank—or its master account application. FRBNY's "vague and conclusory contentions" otherwise are insufficient.[6] *Third*, FRBNY must show that "**no prejudice** will attend" TNB if discovery is stayed—an exceedingly high bar.[7] TNB filed this case almost a year ago and has been kept out of business ever since, while FRBNY is already alluding to discovery motion practice.[8] The parties should begin discovery now so that FRBNY is not able to contrive even further delays once its meritless motion to dismiss is denied.

      TNB has never said that discovery is unwarranted, as FRBNY claims.[9] No less than twice in its opposition to FRBNY's motion to dismiss, including **in the preliminary statement**, TNB explicitly said the contrary.[10] It is true that TNB also said, in language selectively quoted by FRBNY, that "no *new* facts will enhance the Court's ability to resolve the issue of statutory interpretation presented by TNB's complaint."[11] As FRBNY well knows, however, those words concern ***prudential ripeness***—not the merits of fact discovery in general. Among other things, discovery will show that FRBNY was prepared to open a master account for TNB—until unlawful political considerations prevailed—and has consistently interpreted the relevant statutory text in virtually the same way as TNB. We expect that discovery may also confirm that the Board has unlawfully intervened in FRBNY's routine administrative operations to (as a practical matter) de-charter TNB. Finally, discovery will belie FRBNY's insistence that TNB's

---

[3] Def.'s Letter Resp. Opp'n Mot. (May 20, 2019) ("Letter Opp'n"), ECF No. 33.

[4] *See* Pl.'s Opp'n Def.'s Mot. Dismiss (Mar. 26, 2018) ("MTD Opp'n") at 17 & n.25, ECF No. 24 (citing *Fourth Corner Credit Union v. Fed. Reserve Bank Kan. City*, 861 F.3d 1052, 1069–72 (10th Cir. 2017) (Bacharach, J.); *Fourth Corner Credit Union v. Fed. Reserve Bank Kan. City*, 154 F. Supp. 3d 1185, 1188–89 (D. Colo. 2016)); *see also Mirra v. Jordan*, No. 15-CV-4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (Court "unable to conclude that the defendant made a strong showing" where, among other things, the parties each cited to persuasive case law in support of its arguments).

[5] *See* Letter Motion Exs. B & C.

[6] *See Mirra*, 2016 WL 889559, at *2.

[7] *Id.* (emphasis added).

[8] Letter Opp'n at 3.

[9] *Contra id.* at 2.

[10] MTD Opp'n at 3, 20.

[11] Letter Opp'n at 1 (quoting MTD Opp'n at 22) (emphasis added).

Hon. Andrew L. Carter, Jr.
June 12, 2019
Page 3

master account request—which FRBNY has entertained for more than two years—is "still under review."

    We thank the Court for its attention.

                                                  Respectfully,

                                                  /s/ Thomas E.L. Dewey

                                                  Thomas E.L. Dewey

cc:    Counsel of Record (by ECF)