DEWEY PEGNO & KRAMARSKY LLP
777 THIRD AVENUE  NEW YORK, NEW YORK  10017
PHONE: (212) 943-9000  FACSIMILE: (212) 943-4325
WWW.DPKLAW.COM

February 3, 2020

**BY ECF**

The Honorable Kevin N. Fox
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *TNB USA Inc. v. Fed. Reserve Bank of N.Y.*, **No. 18 Civ. 7978-ALC**

Dear Judge Fox:

    We write in reply to defendant Federal Reserve Bank of New York's ("FRBNY") letter opposing our request for a Rule 16 conference (ECF No. 40) (the "Letter").

    More than two years ago, TNB approached FRBNY to open a Federal Reserve master account, an administrative process that typically takes a week or less. Ever since, FRBNY has refused to grant TNB's application, in violation of FRBNY's statutory duty to make Federal Reserve services available to all qualified depository institutions. Without a master account, TNB cannot operate its business.

    TNB therefore filed this action in 2018, seeking a speedy hearing under Fed. R. Civ. P. 57. TNB has also served discovery.[1] Since May 2019, however, FRBNY has refused to engage in discovery. FRBNY will not respond to TNB's discovery requests, because the parties have not held a Rule 26(f) conference, which FRBNY has refused to schedule while also trying to prevent the Court from even holding an initial conference (based on the pending motion to dismiss).

---

[1] TNB has never said that discovery is unwarranted, as FRBNY disingenuously claims. (Letter at 1.) No less than twice in its opposition to FRBNY's motion to dismiss, including *in the preliminary statement*, TNB said the contrary. (Pl.'s Opp'n Def.'s Mot. Dismiss (Mar. 26, 2018) ("MTD Opp'n") at 3, 20, ECF No. 24.) It is true that TNB also said, in language selectively quoted by FRBNY, that "no *new* facts will enhance the Court's ability to resolve the issue of statutory interpretation presented by TNB's complaint." (Letter at 1 (quoting MTD Opp'n at 22) (emphasis added).) Those words concern only TNB's response to FRBNY's motion to dismiss on grounds of *prudential ripeness*—not the merits of fact discovery in general.

Hon. Kevin N. Fox
February 3, 2020
Page 2

  Judge Carter has now referred the case to Your Honor for general pre-trial purposes, including scheduling and discovery. As we have explained in our prior submissions, there is no remotely colorable basis to stay discovery. *First*, FRBNY has not made a "***strong***" showing—as it must—that TNB's claims lack merit.[2] No less than four federal judges have considered FRBNY's statutory arguments in favor of dismissal; ***none*** has accepted them.[3] *Second*, TNB's discovery requests are few—ten document requests and nine interrogatories—and specific to TNB. *Third*, FRBNY must show that "***no prejudice*** will attend" TNB if discovery is stayed—an exceedingly high bar.[4] TNB filed this case well over a year ago and has been kept out of business ever since. While non-party the Federal Reserve Board (the "Board") has been trying to regulate TNB out of business, FRBNY has admitted that it will contest TNB's discovery requests if the case proceeds past the pleadings. The parties should begin discovery ***now*** so that FRBNY is not able to contrive even further delays once its meritless motion to dismiss is denied.

  Among other things, we expect that discovery will show that FRBNY was prepared to open a master account for TNB—until unlawful political considerations prevailed—and has consistently interpreted the relevant statutory text in virtually the same way as TNB does. We expect that discovery will also confirm that the Board has unlawfully intervened in FRBNY's routine administrative operations to (as a practical matter) de-charter TNB. Finally, discovery will belie FRBNY's repeated insistence that TNB's master account request—which FRBNY has entertained for more than two years—is "still under consideration."[5]

  Accordingly, there is every reason to follow Judge Carter's reference of this matter to Your Honor with a prompt Rule 16 conference.

                 Respectfully,

                 Thomas E.L. Dewey

cc:  Counsel of Record (by ECF & Email)

---

[2] *See Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (Court "unable to conclude that the defendant made a strong showing" where, among other things, the parties each cited to persuasive case law in support of its arguments).

[3] *See* MTD Opp'n at 17 & n.25 (citing *Fourth Corner Credit Union v. Fed. Reserve Bank Kan. City*, 861 F.3d 1052, 1069–72 (10th Cir. 2017); *Fourth Corner Credit Union v. Fed. Reserve Bank Kan. City*, 154 F. Supp. 3d 1185, 1188–89 (D. Colo. 2016)).

[4] *See Mirra*, 2016 WL 889559, at *2 (emphasis added).

[5] *E.g.*, Mem. Law. Supp. Def. FRBNY's Motion to Dismiss (Mar. 8, 2019) at 2, 9, 11, ECF No. 21.