February 27, 2020

<u>BY ECF</u>

The Honorable Kevin N. Fox
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:** <u>*TNB USA Inc. v. Fed. Reserve Bank of N.Y.*, No. 18 Civ. 7978-ALC-KNF</u>

Dear Judge Fox:

   Plaintiff TNB USA Inc. ("TNB") and Defendant Federal Reserve Bank of New York
("New York Fed") jointly submit this written report of the parties' discovery plan as required by
Fed. R. Civ. P. 26(f)(2).

   TNB filed this action for a declaratory judgment that it has a statutory right under Section
11A of the Federal Reserve Act ("FRA") to a "master account" with the New York Fed, and
requesting a speedy hearing under Fed. R. Civ. P. 57. The New York Fed denies that TNB has a
statutory right to a master account, including because FRA Section 13 gives it discretion to reject
deposits from a given depository institution. In March 2019, the New York Fed moved to
dismiss TNB's claim. That motion is fully briefed and awaiting disposition by Judge Carter.

   The parties had a Rule 26(f) conference on February 13, 2020 (the "conference"), as
directed by the Court. (Transcript (Feb. 5, 2020) ("2/5/20 Tr."), ECF No. 46.) The following is a
summary of their views and proposals for the discovery plan in this action.

   ***Rule 26(a) Initial Disclosures.*** The parties agreed that no changes are necessary in the
timing, form, or requirement for initial disclosures under Rule 26(a). The parties will serve initial
disclosures within 14 days of the conference, or by February 27, 2020.

   ***Scope and Timing of Discovery.*** The parties propose September 30, 2020 as the end date
for fact discovery. The parties disagree, however, about the necessary scope of discovery.

   TNB has served the New York Fed with document requests and interrogatories. Under
Rule 26(d)(2), TNB's document requests, which were originally sent in May 2019, are deemed
served as of the date of the conference. During the conference, the New York Fed agreed to
deem TNB's interrogatories served as of the conference, too. The New York Fed's responses and
objections to both sets of discovery requests are accordingly due by March 16, 2020.

   ***TNB's Position:*** TNB believes that document discovery is necessary concerning, among
other things, (i) the New York Fed's consideration, review, and determination of TNB's
application for a master account, which is purportedly ongoing; (ii) the New York Fed's policy

Hon. Kevin N. Fox
February 27, 2020
Page 2

directives and similar documents concerning the opening of master accounts; and (iii) the New York Fed's communications with non-party the Federal Reserve Board of Governors concerning TNB's application and a related administrative notice of proposed rulemaking that the Board announced after this lawsuit began, which would purportedly apply to banks that have a business model similar to TNB's.

These documents and others, in TNB's view, are relevant and will assist the Court in considering the parties' competing interpretations of, and the New York Fed's purported discretion under, the applicable statutory framework, particularly if, as Your Honor acknowledged during the February 5, 2020 teleconference, Judge Carter orders an expedited hearing under Fed. R. Civ. P. 57. (2/5/20 Tr. at 9-13.)

TNB has never said that no fact discovery is necessary, as the New York Fed has repeatedly claimed, including below. During the February 5, 2020 conference before Your Honor, counsel for the New York Fed also made this argument, and Your Honor rejected it as a basis to stay discovery. (*See* 2/5/20 Tr. at 5:21-22 (The Court: "That's in the correspondence that was sent to me. Why are you flagging it again?").) Now, the New York Fed has repackaged its arguments against discovery on relevance grounds, but the effect will be the same: no discovery whatsoever. During the conference, the New York Fed did not name a single item of discovery that it would accept as relevant.

TNB has always said that discovery will be helpful to the Court. (Pl.'s Opp'n Def.'s Mot. Dismiss (Mar. 26, 2018) ("MTD Opp'n") at 3, 20, ECF No. 24.) At the same time, TNB has also insisted that, for purposes of ***prudential ripeness***, the New York Fed's supposedly "ongoing" ***years-long*** review of TNB's application will not yield facts that change the outcome of this case.

***The New York Fed's Position:*** The New York Fed's position is that little, if any, discovery is warranted in this action because it involves only a single question of statutory interpretation: whether Section 11A of the FRA gives TNB a statutory right to a Federal Reserve Bank master account. That TNB's claim is purely legal in nature means that it raises no question of fact that could benefit from discovery. *See U.S. v. George*, 223 F.Supp.3d 159, 167 (S.D.N.Y. 2016) ("No additional facts the [plaintiff] might offer at a later date would shed light on the purely legal question of [statutory interpretation]" before the court). Indeed, TNB previously acknowledged as much when it stated in opposing the New York Fed's motion to dismiss that "no new facts will enhance the Court's ability to resolve the issue of statutory interpretation presented by TNB's complaint. Either [the New York Fed] has the legal discretion to deny a master account on 'policy' grounds or not. The supposedly 'ongoing' policy review" of its application "will yield no insight." ECF 24 at 22. This broad language characterizing TNB's claim as purely legal speaks for itself, notwithstanding TNB's attempt above to somehow cabin it to the issue of ripeness.

TNB lists several categories of extrinsic information above that it now asserts are "relevant" to the Court's interpretation of the FRA. But as the Supreme Court has held, extrinsic materials have no role in statutory interpretation, unless "they shed reliable light on the enacting Legislature's understanding of otherwise ambiguous terms." *Exxon Mobil Corp. v. Allapattah*

Hon. Kevin N. Fox
February 27, 2020
Page 3

*Svcs., Inc.*, 545 U.S. 546, 568 (2005). Because none of the discovery that TNB seeks would shed any light whatsoever on the Congressional intent underlying the FRA, TNB's requests are not relevant to its claim and thus are not the proper subject of discovery under Fed. R. Civ. P. 26(b). Contrary to TNB's suggestion above, Your Honor did not "reject" this argument, rather Your Honor expressly noted that the New York Fed may raise any objections it has, including those based on relevancy, in future conferences with TNB or related motion practice. *See* 2/5/20 Tr. at 4:13-23 (THE COURT: "If [the New York Fed] maintains that [TNB's] discovery requests are irrelevant or overly broad the defendant has remedies that it can pursue.").

Notwithstanding the foregoing relevancy concerns, which the New York Fed communicated to TNB at the Rule 26(f) conference, the New York Fed will work in good faith with TNB to determine whether it has any information that is subject to discovery in this proceeding and will respond to TNB's discovery requests to the extent required by federal and local rules.

**Electronically Stored Information.** The parties agree that electronically stored information ("ESI") should be produced in a reasonably usable, text-searchable form with available metadata. They will draft a stipulation governing the search and production for ESI, including applicable search terms, custodians, and file formats.

**Privilege Issues.** The New York Fed anticipates that various privileges and protections will apply to the documents requested by TNB, including the attorney-client, work product and deliberative process privileges. The parties agree to discuss any issues with respect to privilege proactively and in good faith.

**Additional Limitations on Discovery.** At this time, the parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or this Court's local rules.

**Orders Under Fed. R. Civ. P. 26 and 16.** The parties believe that a protective order for discovery materials may be appropriate, and if that is the case they agree to negotiate such an order, which they will submit to the Court for approval under Fed. R. Civ. P. 26(c).

The parties also respectfully request that the Court issue a scheduling order under Rule 16(b) setting a pre-trial schedule for the case based on an end date for fact discovery of September 30, 2020.

Respectfully,

David S. Pegno
*Counsel for TNB*

Michele Kalstein
*Counsel for the New York Fed*